IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00015-RPM

DAVID PLAUT,

 Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

 Defendant.
_____

ORDER AFFIRMING DECISION
_____

  The applications for Disability Insurance Benefits and Supplemental Security Income of David L. Plaut were denied based on the decision of an Administrative Law Judge (ALJ) dated May 17, 2006, that the claimant had the residual functional capacity to perform his past work as a janitor and kitchen helper. At the hearing held on April 17, 2006, Mr. Plaut testified that because of his mood swings between manic and depressive stages of a bipolar disorder he could not stay focused on a job and could not get along with other workers when he worked as a cook at the T-Bar Inn, a restaurant in Wellington, Colorado, where he worked from May, 2000, to November 2002. In reaching his decision, the ALJ found that testimony "not entirely credible" in light of the claimant's description of daily activities and because of insufficient medical evidence.

  The medical records show that on April 1, 2003, Dr. Kenneth Ash in Fort Collins, Colorado, evaluated David Plaut and recorded a diagnostic impression of Bipolar II disorder. Mr. Plaut was then 50 years old. Dr. Ash saw Mr. Plaut on a pro bono basis for six months, monitoring his response to mood stabilizer (Trileptal) and insomnia

(Seroquel) medications. Dr. Ash moved his office and transferred the plaintiff's care back to the Family Medicine Center, where he had been given primary care before. There he was given a three months supply of his medications in April, 2004.

On January 7, 2005, Timothy Cucich, M.D., did a consultative psychiatric evaluation of David Plaut and wrote a report. R. 134-137. Dr. Cucich's diagnosis was "mood disorder" and "probably a bipolar I versus bipolar II disorder." Dr. Cucich found it difficult to diagnose the claimant during the interview and suggested that he be evaluated by a primary care physician and a neurologist to rule out "organic etiologies." R. 137.

Mr. Plaut returned to the Family Medicine Center in October, 2005, for a physical exam and to discuss his bipolar disorder, chronic sinusitis and a growth on his right arm. He had not taken his medications for over a year because he could not pay for them. He was restarted on Trileptal and Seroquel. R. 142.

David Plaut had been employed at Colorado State University as a Food Service Worker I from January, 1993, to April, 2000, where his primary duty was cleaning plates. He also did janitorial work during that time. He was a cook at T-Bar Inn from May, 2000, to November, 2002. The restaurant manager wrote that Mr. Plaut was released from his job because of an inability to communicate and work well with the other employees and "he couldn't stay focused on the duties of his position." R. 108.

At his hearing, the claimant said that he had no substantial employment since the restaurant and that he rode his bicycle into town where he panhandled while playing a guitar to get money for utilities. The claimant lives alone.

The only question on this review is whether there is substantial evidence in the

record to support the ALJ's finding of no disability at Step Four of the sequential evaluation process. The narrow question is whether the ALJ had adequate support for and gave an adequate explanation of his discrediting of Mr. Plaut's testimony concerning his limitations. The answer is yes. This Court must accept the ALJ's credibility determination in this case. There is a difference between the job requirements of a cook and those of a kitchen helper and janitor, as observed in the testimony of the vocational expert, Pat Pauline, at the administrative hearing.

Upon the foregoing, it is

ORDERED that the Commissioner's decision is affirmed.

Dated: August 29th, 2008

                                                BY THE COURT:

                                                s/Richard P. Matsch
                                                _____
                                                Richard P. Matsch, Senior District Judge